IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HANNAH CORBIN<br>446 South 30th Street<br>Heath, Ohio 43056<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>STEAK N' SHAKE, INC.<br>107 S. Pennsylvania Street, Suite 400<br>Indianapolis, Indiana 46204<br><br>　　**Serve also:**<br>　　CORPORATION SERVICE<br>　　COMPANY<br>　　Statutory Agent<br>　　50 West Broad Street, Suite 1330<br>　　Columbus, OH 43215<br><br>　　-and-<br><br>MIKE SIMON<br>c/o STEAK N SHAKE, INC.<br>1445 North 21st Street<br>Newark, Ohio 43055<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Hannah Corbin, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES

1. Corbin is a resident of the city of Heath, county of Licking, state of Ohio.

2. Upon information and belief, Simon is a resident of the state of Ohio.

3. Steak N Shake, Inc. ("Steak N Shake") is a foreign corporation, incorporated in the state of Indiana with its principal place of business in Marion County, Indiana.



4. Steak N Shake conducts business in the state of Ohio, including operating a restaurant located in Licking County at 1445 North 21st Street, Newark, Ohio 43055.

5. At all times herein, Corbin was acting in the course and scope of her employment.

6. At all times herein, Simon was acting in the course and scope of his employment.

7. Simon, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Steak N Shake and who acted directly or indirectly in the interest of Steak N Shake in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 et seq.

## JURISDICTION & VENUE

8. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Corbin is alleging a federal law claim under Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C.A. § 2000e *et seq.*

9. This Court has supplemental jurisdiction over Corbin's state law claims pursuant to 28 U.S.C. § 1367, as Corbin's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

11. All material events alleged in this Complaint occurred in Licking County.

12. Within 300 days of the conduct alleged below, Corbin filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"), Charge No. 532-2016-02135 against Steak N Shake.

13. On or about September 21, 2017, the EEOC issued and mailed a Notice of Right to Sue letter to Corbin regarding the Charge of Discrimination.

The Employee's Attorney.™ 

14. Corbin received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) which has been attached hereto as Plaintiff's Exhibit 1.

15. Corbin filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

16. Corbin has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

17. Corbin is female.

18. Corbin is a former employee of Steak N Shake.

19. In approximately July 2015, Steak N Shake hired Corbin.

20. Corbin worked as a server at the Steak N Shake located at 1445 North 21st Street, Newark, Ohio 43055.

21. Simon is male.

22. Simon is the General Manager at the Steak N Shake located at 1445 North 21st Street, Newark, Ohio 43055.

23. Will McCain is male.

24. Will McCain is an employee at the Steak N Shake located at 1145 North 21st Street, Newark, Ohio 43055.

25. Will McCain had supervisory authority over Corbin while he was employed at Steak N Shake.

26. Beginning almost immediately after Corbin began her employment at Steak N Shake, she began to experience severe harassment from McCain.

27. During Corbin's shifts, McCain made sexual comments about her to other employees.

28. During Corbin's shifts, McCain made sexual comments to Corbin, including but not limited to telling Corbin he wanted to have sexual intercourse with her.



29. During Corbin's shifts, Logan Brown, a Steak N Shake employee, made sexual comments to Corbin, including but not limited to telling Corbin he wanted to have sexual intercourse with her.

30. McCain physically harassed Corbin by groping Corbin's hips.

31. McCain physically harassed Corbin by smacking her buttocks.

32. McCain physically harassed Corbin by continually touching her body.

33. Corbin informed McCain on more than one occasion to stop touching her.

34. Corbin informed McCain on more than one occasion to stop harassing her.

35. Despite Corbin's repeated requests for McCain to stop the harassment, McCain refused to stop.

36. In response to Corbin's repeated request, McCain stated, "Ohh feisty, settle down," or words to that effect.

37. Simon, Steak N Shake General Manager, sexually harassed Corbin.

38. Simon made sexual comments to Corbin, including but not limited to telling Corbin that he could see how Corbin's buttock was a distraction to the males at work.

39. Simon discussed Corbin's buttocks with Brown while Corbin was present.

40. Male co-workers made disparaging comments to Corbin about her boyfriend who was African American.

41. Male co-workers harassed Corbin by making comments that they could not be her boyfriend because they were not African American.

42. Male co-workers harassed Corbin by making gestures with kitchen utensils below their waist and commenting the were "black from the waist down" and asked if she would date them now.

The Employee's Attorney.™ 

y

43. After enduring months of sexual harassment, despite her repeated requests that employees and management not speak to and/or grope her sexually, Corbin requested to switch to "pick-up" shifts only.

44. "Pick-up" shifts mean that Corbin would not have regularly scheduled shifts, but instead she would have the option to "pick-up" shifts.

45. Corbin switched to "pick-up" shift status because she did not want to work with the male co-workers who were sexually harassing her.

46. On or about April 2, 2016, Corbin arrived at Steak N Shake after picking up an open shift.

47. Corbin attempted to clock in by swiping her card.

48. Corbin was declined access and was unable to clock in.

49. Corbin approached Simon and informed him she was unable to clock in.

50. Simon told her to speak with Brandi Genzen because "she was in charge of scheduling and he hadn't done anything with it."

51. Genzen is a Steak N Shake employee.

52. Genzen is responsible for the employees' schedules at Steak N Shake.

53. Genzen is McCain's mother.

54. Corbin approached Genzen and informed her she was unable to clock in.

55. Genzen replied to Corbin by stating, "You quit and I read it with my own eyes," or words to that effect.

56. Corbin explained to Genzen that she did not quit, but had changed to "pick up shifts" only status.

57. Genzen refused to allow Corbin to clock in.

The Employee's Attorney.™

58. Corbin and Genzen read aloud Corbin's letter requesting her status be changed to "pick up shifts" only.

59. After the letter proved that Corbin had not quit, Corbin requested Genzen allow her to clock in for her shift.

60. Genzen did not apologize for her error in misinterpreting Corbin's request to switch to "pick up shifts" only.

61. Instead, Genzen told Corbin, "she could smack a bitch for talking to her like that."

62. Genzen called Corbin a bitch.

63. Genzen harassed Corbin on the basis of her gender by calling her a bitch.

64. At the time of this incident, Corbin was only 17 years old.

65. At the time of this incident, Genzen was in her forties.

66. Corbin was scared and shocked that Genzen was yelling at her in an aggressive manner.

67. Corbin called her mother and asked that she come pick her up.

68. Genzen told Corbin, "go ahead and call your mommy. I'm not afraid of either of you," or words to that effect.

69. Shortly thereafter, Corbin's mother arrived at Steak N Shake.

70. Corbin, Corbin's mother, Simon, and Genzen met in Simon's office to discuss Genzen's treatment of Corbin.

71. During the meeting, Genzen used profanity directed at Corbin and Corbin's mother.

72. During the meeting, Corbin's mother, Corbin, Simon, and Genzen discussed McCain's sexual harassment of Corbin.

73. Genzen denied McCain sexually harassed Corbin.

74. Genzen admitted McCain sexually harassed other female employees of Steak N Shake.



75. McCain's employment with Steak N Shake was not suspended as a result of his sexual harassment of Corbin.

76. McCain's employment with Steak N Shake was not terminated as a result of his sexual harassment of Corbin.

77. Brown's employment with Steak N Shake was not suspended as a result of his sexual harassment of Corbin.

78. Brown's employment with Steak N Shake was not terminated as a result of his sexual harassment of Corbin.

79. Simon's employment with Steak N Shake was not suspended as a result of his sexual harassment of Corbin.

80. Simon's employment with Steak N Shake was not terminated as a result of his sexual harassment of Corbin.

81. Genzen's employment with Steak N Shake was not suspended as a result of her harassment of Corbin.

82. Genzen's employment with Steak N Shake was not terminated as a result of her harassment of Corbin.

83. After Corbin reported McCain, Genzen treated her differently than her similarly situated co-workers.

84. Genzen retaliated against Corbin by accusing Corbin of quitting.

85. Genzen retaliated against Corbin by refusing to let Corbin clock in for her shift.

86. Genzen retaliated against Corbin by calling Corbin a bitch.

87. As a result of the continued harassment, retaliation, and hostility, Corbin had no other alternative but to resign her employment with Steak N Shake.



88. On or about April 2, 2016, Steak N Shake constructively discharged Genzen.

89. As a result of Defendants' unlawful acts, Corbin has suffered, and will continue to suffer pecuniary harm.

90. As a result of Defendants' unlawful acts, Corbin has suffered, and will continue to suffer emotional distress and physical harm.

### COUNT I: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-2

91. Corbin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

92. Corbin is a member of a statutorily protected class based on her gender.

93. Defendant Steak N Shake treated Corbin differently than other similarly situated employees based on her gender.

94. Defendant Steak N Shake discriminated against Corbin on the basis of her gender throughout her employment with the company.

95. Defendant Steak N Shake constructively discharged Corbin without just cause.

96. Defendant Steak N Shake constructively discharged Corbin based on her gender.

97. Defendant Steak N Shake's discrimination against Corbin based on her gender violates 42 U.S.C. § 2000e-2, *et seq*.

98. As a direct and proximate cause of Defendant Steak N Shake's conduct, Corbin suffered and will continue to suffer damages, including economic and emotional distress damages.

### COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *ET SEQ*

99. Corbin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

The Employee's Attorney.™ 

100. Corbin is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

101. Defendants treated Corbin differently than other similarly situated employees based on her gender.

102. Defendants discriminated against Corbin on the basis of her gender throughout her employment with the company.

103. Defendants constructively discharged Corbin without just cause.

104. Defendants constructively discharged Corbin based on her gender.

105. Defendants' discrimination against Corbin based on her gender violates R.C. § 4112.01 *et seq*.

106. As a direct and proximate result of Defendants' conduct, Corbin suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT III: SEXUAL HARASSMENT IN VIOLATION OF 42 U.S.C. § 2000e-2**

107. Corbin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

108. Corbin was subjected to unwelcomed sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

109. Defendant Steak N Shake created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances.

110. As a direct and proximate result of the intimidating, offensive, and hostile environment created and sustained by Defendant Steak N Shake, Corbin repeatedly requested the harassment stop to her supervisor.



The Employee's Attorney.™

111. Defendant Steak N Shake's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of 42 U.S.C. § 2000e-2 *et seq.*

112. McCain's sexual harassment of Corbin occurred while she was acting in the course and scope of her employment as a waitress.

113. Simon's sexual harassment of Corbin occurred while she was acting in the course and scope of her employment as a waitress.

114. Brown's sexual harassment of Corbin occurred while she was acting in the course and scope of her employment as a waitress.

115. Corbin's supervisor had knowledge of the sexual harassment and failed to take any effective corrective or remedial action.

116. As a direct and proximate result of Defendant Steak N Shake's conduct, Corbin has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

### COUNT IV: SEXUAL HARASSMENT IN VIOLATION OF R.C. §4112.02(A).

117. Corbin restates each and every paragraph of this Complaint as though it were fully restated herein.

118. Corbin was subjected to unwelcomed sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances.

119. Defendants created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances.



120. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendants, Corbin repeatedly reported the sexual harassment to her supervisor.

121. Defendants' actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of O.R.C. §4112.02(A).

122. McCain's sexual harassment of Corbin occurred while she was acting in the course and scope of her employment as a waitress.

123. Simon's sexual harassment of Corbin occurred while she was acting in the course and scope of her employment as a waitress.

124. Brown's sexual harassment of Corbin occurred while she was acting in the course and scope of her employment as a waitress.

125. Corbin's supervisor had knowledge of Defendants' sexual harassment and failed to take any effective corrective or remedial action.

126. As a direct and proximate result of Defendants' conduct, Corbin has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

### COUNT V: RETALIATORY DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e-3, *et seq*

127. Corbin restates each and every prior paragraph of this complaint, as if it were fully restated herein.

128. As a result of Defendant Steak N Shake's discriminatory conduct described above, Corbin complained about the retaliation she was experiencing.

129. Subsequent to Corbin's reporting of sexual harassment to her supervisor, Corbin was accused of quitting and was not allowed to clock in for her shift.



11

130. Defendant Steak N Shake's actions were retaliatory in nature based on Corbin's opposition to the unlawful discriminatory conduct.

131. After Corbin engaged in protected activity by reporting the acts of sexual harassment and gender discrimination, Defendant Steak N Shake retaliated against her by refusing to let her clock in for her shift in violation of 42 U.S.C. § 2000e-3(a) and § 12203(a).

132. After Corbin engaged in protected activity by reported the acts of sexual harassment and gender discrimination, Defendant Steak N Shake retaliated against her by constructively discharging her in violation of 42 U.S.C. § 2000e-3(a) and § 12203(a).

133. As a direct and proximate result of Defendant Steak N Shake's retaliatory discrimination against and constructive discharge of Corbin, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)**

134. Corbin restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

135. As a result of Defendants' discriminatory conduct described above, Corbin complained about the retaliation she was experiencing.

136. Subsequent to Corbin's reporting of sexual harassment to her supervisor, Corbin was accused of quitting and was not allowed to clock in for her shift.

137. Defendants' actions were retaliatory in nature based on Corbin's opposition to the unlawful discriminatory conduct.

138. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"



139. After Corbin engaged in protected activity by reporting the acts of sexual harassment and gender discrimination, Defendants retaliated against her by refusing to let her clock in for her shift in violation of. §4112.02(I).

140. After Corbin engaged in protected activity by reported the acts of sexual harassment and gender discrimination, Defendants retaliated against her by constructively discharging her in violation of R.C. § 4112.02(I),

141. As a direct and proximate result of Defendants' retaliatory discrimination against and constructive discharge of Corbin, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Corbin demands from Defendants the following:

(a) Issue a permanent injunction:

    (i) Requiring Defendants to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and



    (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Corbin for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Corbin's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

*/s/ Matthew G. Bruce*  
Matthew G. Bruce (0083769)  
**THE SPITZ LAW FIRM, LLC**  
25200 Chagrin Blvd., Suite 200  
Beachwood, OH 44122  
Phone: (216) 291-4744  
Fax:    (216) 291-5744  
Email: matthew.bruce@spitzlawfirm.com

*Attorneys for Plaintiff Hannah Corbin*



## **JURY DEMAND**

Plaintiff Hannah Corbin demands a trial by jury by the maximum number of jurors permitted.

                                               */s/ Matthew G. Bruce*
                                               Matthew G. Bruce (0083769)

